UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE HERTZ CORPORATION

    Plaintiff,

v.

NANTUCKET AUTO RENTAL, INC., and
ISLAND AUTO RENTAL GROUP, LLC,

    Defendants.

Civil Action No.

05 CV 10285 RWZ

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, plaintiff The Hertz Corporation ("Hertz") brings this declaratory judgment action against defendants Nantucket Auto Rental, Inc., and Island Auto Rental Group, LLC ("defendants"). Defendants have threatened to bring an action against Hertz for alleged violations of Chapter 58 of the By-Laws of the Town of Nantucket ("Chapter 58") in connection with Hertz's renting of cars in Nantucket, Massachusetts. Hertz seeks a judgment declaring that defendants are not entitled to damages or other relief against Hertz for the alleged violations of Chapter 58 and that Hertz is not liable to the defendants for any such alleged acts.

### PARTIES

1.     Plaintiff The Hertz Corporation is a Delaware corporation with its principal place of business at 225 Brae Boulevard, Park Ridge, New Jersey 07656.

2.     Upon information and belief, defendant Nantucket Auto Rental, Inc. is a Massachusetts corporation with its principal place of business at 50 Spring Bars Road, Falmouth, Massachusetts 02540.

3. Upon information and belief, defendant Island Auto Rental Group, LLC is a limited liability company organized under the laws of the Commonwealth of Massachusetts with its principal place of business at Nantucket Memorial Airport, 30 Macy Lane, Nantucket Island, Massachusetts 02554.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure for a declaration of the rights and/or other legal relations of the parties to this action with respect to an actual controversy within the jurisdiction of this Court. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). Hertz is a Delaware corporation with its principal place of business in New Jersey. Defendants Island Auto Rental Group, LLC and Nantucket Auto Rental, Inc. are Massachusetts entities with their principal places of business in Massachusetts. Therefore, Hertz has complete diversity of citizenship with defendants. The amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000).

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(a).

## FACTS

**Background**

6. Hertz, America's largest automobile rental company, has been providing automobile rental services in interstate commerce across the country and around the world for over eighty years.

7. Hertz rents cars to consumers on the island of Nantucket in Massachusetts. The cars rented at Hertz's Nantucket location are the property of Hertz.

8. Defendants operate rental car agencies on Nantucket.

**Nantucket By-Law Governing Automobile Rentals**

9. Chapter 58 of the By-laws of the Town of Nantucket (hereafter "Chapter 58") purports to regulate the "renting, leasing, or keeping for rent of any motor vehicle" on Nantucket Island.

**Defendants' Threats of Litigation**

10. On or about January 31, 2005, counsel for defendants sent a letter to Hertz on behalf of the defendants threatening to sue Hertz for alleged practices in violation of Chapter 58. A true and accurate copy of this letter is attached hereto as Exhibit A (the "January 31 letter").

11. In the January 31 letter, defendants allege that Hertz has engaged and is engaging in "certain illegal, fraudulent and unfair trade practices in Nantucket, Massachusetts" by allegedly renting more cars than the maximum number of cars allocated to Hertz under Chapter 58. Defendants further allege in the January 31 letter that Hertz's alleged violations of Chapter 58 have caused "substantial damage" to defendants.

12. Defendants state further in the January 31 letter that the law firm representing defendants "has been directed [by defendants] to take all action necessary to secure the cessation of the illegal and fraudulent rental practices of Hertz Corporation in Nantucket." Defendants threaten to commence litigation against Hertz, and describe various types of threatened discovery in the threatened lawsuit by defendants against Hertz. Defendants further demand that Hertz "immediately confirm in writing" that Hertz will comply with Chapter 58, and threaten that if such "written assurances are not provided by February 15, 2005" that the attorney for defendants has "been directed to pursue all rights and remedies" available to defendants and that defendants will seek "temporary, preliminary and permanent injunctive and equitable relief, together with an award of compensatory and punitive damages, costs and counsel fees" against Hertz and its

Nantucket agent for allegedly violating Chapter 58. In the letter, defendants threaten to bring suit against Hertz by February 15, 2005.

13. Defendants' allegations are wholly unsupported by any evidence of actual damage to defendants resulting from the alleged violations of Chapter 58.

14. Further, defendants did not, because they could not, attempt to explain how Chapter 58 gives rise to a private right of action or a right to any damages on behalf of defendants. There is no private right of action for violations of Chapter 58. Indeed, Chapter 58 specifically provides that violations are punishable by public fine, not by any private right of action.

## CLAIMS FOR RELIEF

### COUNT 1 – Declaratory Relief

15. Hertz repeats and incorporates by reference the allegations stated in Paragraphs 1 through 14 above as if stated fully herein.

16. An actual and justiciable controversy exists between Hertz and defendants within the meaning of 28 U.S.C. § 2201 *et seq.* concerning defendants' claims for damages and other relief for alleged violations of Chapter 58. Defendants have threatened in writing to bring an immediate action against Hertz for violations of Chapter 58 unless Hertz agrees to defendants' demands.

17. Defendants' conduct, in particular the sending of the January 31 letter, has created a reasonable apprehension on the part of Hertz that it will be faced with a lawsuit by defendants for alleged violations of Chapter 58.

18. Defendants have no private right of action to bring such an action under Chapter 58.

19. Even if one were to assume, arguendo, that Hertz has violated Chapter 58, defendants are unable to prove that they were damaged by any alleged violation. Hertz has not damaged or caused damage to defendants by any of the alleged conduct.

20. A declaration from this Court is necessary to resolve this controversy, and it is in the interest of justice that the Court do so, as Hertz's ability to conduct business in Nantucket without the unlawful interference and threats by defendants depends on the resolution of this dispute.

21. Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Hertz is entitled to final judgment declaring that Hertz is not liable to defendants for damages or other relief, including any temporary, preliminary, or permanent injunctive or other equitable relief, or for any compensatory or punitive damages, or for costs or counsel fees.

## PRAYER FOR RELIEF

WHEREFORE, Hertz respectfully requests that this Court enter judgment in its favor and against defendants adjudging and declaring that:

(a) Chapter 58 does not give rise to a private right of action;

(b) Hertz is not liable to defendants for any of the alleged violations of Chapter 58;

(c) Defendants have not suffered any compensable damages caused by any alleged violation of Chapter 58 by Hertz;

(d) Defendants are not entitled to any damages or to any injunctive or other equitable relief or any other relief, award or sanctions from or against Hertz based upon or arising out of the allegations in the January 31 letter; and

(e) Awarding Hertz its costs and reasonable attorneys' fees; and

(f)     Awarding Hertz such other relief as this Court may deem just and proper.

        Respectfully submitted,

        THE HERTZ CORPORATION

        By its attorneys,

        *Stephen D. Poss (DSF)*
        Stephen D. Poss, P.C. (BBO #551760)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, MA 02109-2881
        617.570.1000

Dated: February 11, 2005

LIBA/1454460.3

JOEL D. SIEGEL*
FRANK L. STIFELMAN*
LAURENCE B. ORLOFF†
STANLEY SCHWARTZ*
JEFFREY M. GARROD*
FLOYD SHAPIRO†
SANDERS M. CHATTMAN
ALAN F. KORNSTEIN*
SAMUEL FELDMAN*
EDMUND A. MIKALAUSKAS
SUSAN M. HOLZMAN*
MICHAEL S. HARATZ*
WILLIAM J. ADELSON*
EILEEN A. LINDSAY
EUGENIA YUDANIN*

* MEMBER NJ & NY BARS
† MEMBER NJ, NY & FL BARS
▲ MEMBER NJ & PA BARS
• MEMBER NJ, NY & DC BARS
◊ MEMBER CT BAR ONLY

## ORLOFF, LOWENBACH, STIFELMAN & SIEGEL
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
101 EISENHOWER PARKWAY
ROSELAND, NEW JERSEY 07068-1082

(973) 622-6200 • Fax: (973) 622-3073
E-MAIL: attorneys@olss.com
www.olss.com

GERALYN G. HUMPHREY▲
CRAIG A. OLLENSCHLEGER
PHILIP C. CORBO*
DEBORAH M. TYLER*
ADAM M. HABERFIELD▲
PHILIP E. MAZUR
AARON D. SCHUMACHER◊

COUNSEL
MURRY D. BROCHIN*

OF COUNSEL
RALPH M. LOWENBACH*
BERNARD SCHENKLER*

January 31, 2005

REFER TO FILE NO.

100293-007

BY CERTIFIED MAIL (RRR)

Mr. Joseph R. Nothwang
Executive Vice President, Hertz Corporation and
    President, Hertz Vehicle Rental and Leasing
Hertz Worldwide Headquarters
225 Brae Boulevard
Park Ridge, New Jersey 07656

Re:  *Island Auto Rental Group, LLC and Nantucket Auto Rental, Inc./Hertz Corporation and Hertz Rent A Car, Nantucket, MA*

Dear Mr. Nothwang:

We write on behalf of two Nantucket, Massachusetts automobile rental agencies -- Island Auto Rental Group, LLC and Nantucket Auto Rental, Inc. -- to demand the immediate cessation by Hertz Corporation of certain illegal, fraudulent and unfair trade practices of Hertz Corporation in Nantucket, Massachusetts, through its authorized agent, Hertz Rent A Car, with operations in Nantucket based at Nantucket Memorial Airport.

As Hertz Corporation knows, or is charged with knowing by virtue of the knowledge of its authorized agent transacting business on its behalf in Nantucket Massachusetts, the Town and County of Nantucket utilize a medallion system for the vehicle rental marketplace in Nantucket. By way of the medallion system, the Town and County of Nantucket limit the supply of available rental vehicles in Nantucket. [In 2004,

322820  1/31/2005

ORLOFF, LOWENBACH, STIFELMAN & SIEGEL
A PROFESSIONAL CORPORATION

Mr. Joseph R. Nothwang            -2-            January 31, 2005

this limit was 700 vehicles.] The Town and County of Nantucket allocates to each applicant rental business a certain volume of vehicles that each may keep and/or rent in Nantucket during the applicable rental season. Only vehicles bearing a medallion may be placed in the vehicle rental marketplace during the summer season.

Each vehicle rental business is obligated to pay certain fees to the Town and County of Nantucket and to the Nantucket Memorial Airport based upon number of vehicles placed into the Nantucket rental marketplace during the rental season (*e.g.*, the number of medallion vehicles allotted to each rental business) and/or the revenue generated by the allotted medallion vehicles.

During the 2004 rental season, the Town and County of Nantucket allocated to the Nantucket Hertz Rent A Car agency a maximum of one hundred sixty-seven (167) vehicles that Hertz could place into the Nantucket vehicle rental marketplace. Accordingly, the Nantucket Hertz agency was allocated one hundred sixty-seven (167) medallions for its entire fleet (one medallion for each vehicle authorized for rental in Nantucket). Under applicable law, the Hertz agency could not exceed its quota of one hundred sixty-seven (167) medallion vehicles, and the Hertz agency could not rent any vehicle in Nantucket unless the vehicle bore a medallion issued by the Town and County of Nantucket.

It has come to our attention that, during the summer season of 2004, the Nantucket Hertz Rent A Car placed into the Nantucket rental market **at least** sixty-two (62) vehicles over and above its allocated maximum of one hundred sixty-seven (167) medallion vehicles, and we have reason to believe that the illegal rental of unauthorized vehicles by the agent of Hertz Corporation well exceeded sixty-two (62) vehicles. By letter dated September 10, 2004 (a copy of which is enclosed), the Licensing Agent of the Town and County of Nantucket wrote to the Nantucket Hertz agent, noting at least two (2) occasions of police citations for rental of non-medallion vehicles by the Hertz agent. Indeed, we are aware that the Nantucket Hertz agency has gone to such lengths as renting vehicles to "long-term" renters at the wharf in Nantucket, as soon as the vehicles enter Nantucket by ferry. These "wharf rentals" are clearly aimed at evading the medallion restrictions of the Town and County of Nantucket, which violations would be more easily policed if the non-medallion vehicles were rented at Nantucket Airport.

The unlawful infusion of rental vehicles into the Nantucket marketplace by Hertz Corporation yielded substantial income to Hertz Corporation and its agent in

ORLOFF, LOWENBACH, STIFELMAN & SIEGEL
A PROFESSIONAL CORPORATION

Mr. Joseph R. Nothwang          -3-          January 31, 2005

Nantucket, while causing substantial damage to Island Auto Rental Group, LLC and Nantucket Auto Rental, Inc., which honored their obligations under law to rent only their allocated volume of medallion vehicles. Moreover, it is safe to assume that Hertz Corporation, through its agent, has not merely engaged in unlawful competition vis-à-vis its rental competitors in Nantucket. It would appear that Hertz Corporation, through its agent, has committed a fraud upon the public by failing to accurately report to the authorities the true volume of its rental traffic and also by failing to pay all fees and charges due to the Town and County of Nantucket and to the Nantucket Memorial Airport for its rental volume in excess of the authorized allotment to Hertz Corporation and the Hertz agent (including but not limited to fees for non-medallion vehicles bypassing the Airport entirely *via* wharf-side rentals). We understand that the Nantucket Hertz agency excess supply (of non-medallion vehicles) is being fed directly by Hertz Corporation, and indirectly by Hertz Corporation (by way of at least one other Hertz rental agency, the Hertz agency on Cape Cod). [It is no coincidence that the Cape Cod Hertz agency is operated by the son of the operator of the Nantucket Hertz agency.]

Island Auto Rental Group, LLC and Nantucket Auto Rental, Inc. were allocated during the 2004 rental season a total volume of vehicles comprising approximately thirty-four (34%) of the supply in Nantucket. In reality, because of Hertz's illegal infusion of a meaningful volume of unauthorized vehicles into the marketplace, they enjoyed the benefit of a far smaller percentage of the rental marketplace in 2004 in Nantucket.

This firm has been directed to take all action necessary to secure the cessation of the illegal and fraudulent rental practices of Hertz Corporation in Nantucket. If this matter proceeds further, we suspect that discovery of the books and records of Hertz Corporation and the Hertz agents in Nantucket and Cape Cod would reveal the full extent of the illegal and fraudulent rental practices in Nantucket (unless said rental activities are being conducted "off-the-books," which would give rise to a whole host of different and additional legal issues).

Demand is hereby made upon Hertz Corporation and its Nantucket agent to immediately confirm in writing that they will place into the Nantucket marketplace in 2005 only such number of rental vehicles that have been allotted to Hertz as medallion rental vehicles by the Town and County of Nantucket, and to refrain from placing any non-medallion vehicles into the Nantucket rental market.

ORLOFF, LOWENBACH, STIFELMAN & SIEGEL
A PROFESSIONAL CORPORATION

Mr. Joseph R. Nothwang        -4-        January 31, 2005

In the event the foregoing written assurances are not provided by February 15, 2005, we have been directed to pursue all rights and remedies available to our clients. In the event of legal action, we shall seek all appropriate temporary, preliminary and permanent injunctive and other equitable relief, together with an award of compensatory and punitive damages, costs and counsel fees against Hertz Corporation (and its Nantucket agent).

This letter is without prejudice to the rights and remedies available to my clients, with all such rights and remedies being expressly reserved under any and all circumstances (including the event of your providing the demanded written assurances).

Very truly yours,

*[signature]*

MICHAEL S. HARATZ

MSH/cal
cc:   Mr. Craig R. Koch, Hertz Corporation Chairman of the Board
       and Chief Executive Officer
   Harold E. Rolfe, Esq., Senior Vice President, General Counsel and Secretary,
       Hertz Corporation
   Mr. David Murphy, Nantucket Hertz Rent A Car
   Mr. William C. Ford, Jr., Chairman and Chief Executive Officer, Ford Motor Co.
   Mr. Irvine O. Hockaday, Jr., Director/Chairman, Audit Committee, Ford Motor Co.

## Town and County of Nantucket
## Board of Selectmen • County Commissioners

Timothy M. Soverino, Chairman
Douglas L. Bennett
Michael A. Glowacki
Finn Murphy
Bruce L. Watts



16 Broad Street
Nantucket, Massachusetts 02554

Telephone (508) 228-7255
Facsimile (508) 228-7272
www.nantucket-ma.gov

C. Elizabeth Gibson
Town & County Administrator

September 10, 2004

Hertz Rent A Car
ATTN: David Murphy
Nantucket Memorial Airport
Nantucket, MA 02554

Via Certified Mail

RE: Motor Vehicle Rental Vehicles

Dear Mr. Murphy:

This office is concerned with the number of complaints received regarding MVR agencies renting vehicles without the required stickers.

On at least two occasions, the Nantucket Police Department issued two citations to you for vehicles available for rental, which did not have a sticker, and yet you continue this practice.

Please be advised that the Police Department is monitoring this activity closely and we ask you to cooperate and comply the Town's bylaw regarding the limitations of available vehicles.

If you continue to rent vehicles without stickers preceded by the appropriate documentation, we will recommend a hearing on your license to the Board of Selectmen. Please contact this office if you have any questions.

Sincerely,

Liz McIsaac
Licensing Agent

pc: Airport Commission
    Board of Selectmen
    Police Department
    Scott A. Pflueger

§JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
THE HERTZ CORPORATION

**(b)** County of Residence of First Listed Plaintiff: Bergen, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephen D. Poss, P.C. (BBO #551760)
Goodwin Procter LLP, Exchange Place
Boston, MA 02109   Tel: 617-570-1000

## DEFENDANTS
NANTUCKET AUTO RENTAL, INC., and ISLAND AUTO RENTAL GROUP, LLC

County of Residence of First Listed Defendant: Barnstable, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**05 CV 10285 RWZ**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332(a)(2) and 28 U.S.C. §2201, et seq.

Brief description of cause: Pursuant to 28 U.S.C. §1332(a)(2), 28 U.S.C. §2201 and F.R.C.P. 57, plaintiff Hertz brings this declaratory judgment action against Nantucket Auto Rental, Inc., and Island Auto Rental Group, LLC

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   None.
JUDGE _____   DOCKET NUMBER _____

DATE: 2/11/05

SIGNATURE OF ATTORNEY OF RECORD
*Stephen D. Poss (DSP)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __The Hertz Corporation v. Nantucket Auto Rental, Inc., and Island Auto Rental Group, LLC__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Stephen D. Poss, P.C. (BBO #551760)__

ADDRESS __Goodwin Procter LLP, Exchange Place, Boston, MA 02109__

TELEPHONE NO. __617-570-1000__

(Coversheetlocal.wpd - 10/17/02)